# Exhibit A

| | |
|---|---|
| District Court, Chaffee County, Colorado<br>142 Crestone Avenue<br>Salida, CO 81201<br><br>Plaintiff(s): Sandra Wingard and Kenneth Wingard<br><br>v.<br><br>Defendant(s): Triumph Bancorp, a/k/a TBK Bank | DATE FILED: July 14, 2023 2:53 PM<br>FILING ID: 381D6D25B34F0<br>CASE NUMBER: 2023CV30037<br><br>▲   ▲<br>COURT USE ONLY |
| *Attorney for Plaintiffs:*<br>RAMOS LAW<br>Matthew R. Osborne #40835<br>Thomas Crowley #51710<br>10190 Bannock Street, Suite 200<br>Northglenn, CO 80260<br>Phone Number: (303)733-6353<br>E-mail: mosborne@ramoslaw.com<br>            tcrowley@ramoslaw.com<br><br>Kathryn Louise Welter #50868<br>211 Tabor St<br>Buena Vista, CO 81211<br>(719) 398-3317<br>katy@weathervanelaw.com | Case Number:<br><br><br><br>Division<br>Courtroom |
| **COMPLAINT AND DEMAND FOR JURY TRIAL** ||

1. Plaintiffs are Sandra Wingard and Kenneth Wingard and are residing in Buena Vista, Chaffee County, Colorado.

2. Plaintiffs are aged 81 and 83, respectively, as of the date of this filing.

3. Defendant, Triumph Bancorp, trading as TBK Bank, is a corporation engaged in the business of banking in Colorado with a branch located at 725 US Hwy 24 N, Buena Vista, CO 81211. Defendant's principal place of business is 12700 Park Central Dr #1700, Dallas, TX 75251.

4. At all times mentioned, Plaintiffs maintained a checking account, savings account, and electronic fund transfer privileges with Defendant.

5. On or about October 2021, Plaintiff Sandra Wingard suffered a stroke. As a result of and ever since the stroke, she has experienced continual and severe cognitive impairment, including the inability to accurately gauge the passage of time, and diminished capacity to recall dates and process complex information.

6. On or about December 6, 2021, Defendant experienced a data breach which compromised SSNs, bank account information, and other personal identifiers. https://www.jdsupra.com/legalnews/data-breach-alert-tbk-bank-ssb-3819974/

7. Between April 19, 2022 and August 15, 2022, unbeknownst to Plaintiffs and without Plaintiffs' authorization, funds from Plaintiffs' savings account in amounts totaling $66,500.00 were transferred into Plaintiffs' checking account.

8. Between April 8, 2022 and August 17, 2022, unbeknownst to Plaintiffs and without Plaintiffs' authorization, Defendant paid counterfeit imposter checks against Plaintiffs' checking account in amounts totaling $93,891.62.

9. No access device was involved in the unauthorized transactions.

10. Unauthorized withdrawals shown on the May 2022 statement and occurring within 60 days of May 1, 2022 totaled $57,000 (savings) and $84,193.10 (checking).

11. On or around August 26, 2022, Plaintiffs visited a Defendant's bank branch located at 725 US Hwy 24 N, Buena Vista, CO 81211 and discovered the unauthorized withdrawals made against Plaintiffs' checking and savings accounts.

12. On August 29, 2022, Plaintiffs made oral and written reports of the unauthorized transactions to Defendant, alleging that there had been unauthorized withdrawals from the accounts. Defendant did not then or ever provide Plaintiffs with any form of provisional credit for their losses. Defendant further advised Plaintiffs that their report of the loss was untimely and did

not qualify for reimbursement.

13. Based on Defendant's advice, on August 26, Plaintiffs notified the Chaffee County Sheriff's Department of the unauthorized withdrawals from Plaintiffs' accounts.

14. On or around September 19, the Plaintiffs visited a Defendant bank branch located at 725 US Hwy 24 N, Buena Vista, CO 81211 and inquired with Defendant about the status of the investigation into the unauthorized withdrawals. Defendant again advised Plaintiffs that Plaintiffs' report of the loss was untimely and did not qualify for full reimbursement.

15. Defendant did not mail to Plaintiffs the results of any investigation which it may have conducted within 10 days of the receipt of the complaint.

16. Defendant did not credit to Plaintiff's account any part of the funds which Defendant had previously deducted.

17. On October 24, 2022, Defendant credited Plaintiffs' checking account in the amount of $9,700.87, which Defendant explained was for two fraudulent checks, and Defendant orally refused to return any additional funds to Plaintiffs. Defendant bank has continued to maintain the position that additional funds were not due.

18. On April 25, 2023, Plaintiffs requested of Defendant any copies of any documents related to the investigation of the herein described unauthorized withdrawals from their accounts, but as of the date of this complaint, Plaintiffs have not received the documents from Defendant.

## COUNT I, ELECTRONIC FUNDS TRANSFER ACT (EFTA)

19. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

20. Plaintiffs' savings account was an "account" as defined in the EFTA.

21. Plaintiffs' savings account was used for personal, family, and household purposes, and was not a business account.

22. Defendant is a "financial institution" as defined in the EFTA because they are a bank that issues access devices and agrees with a consumer to provide electronic fund transfer services.

23. The $66,500 in transfers from Plaintiffs' savings account were electronic fund transfers under the EFTA because they were initiated through either an electronic terminal or computer, for the purpose of debiting Plaintiffs' savings account.

24. The $66,500 in transfers from Plaintiffs' savings account were unauthorized electronic funds transfers because they were initiated by a person other than the Plaintiffs without actual authority to initiate the transfer, and which resulted in no benefit to Plaintiffs.

25. Generally, under the EFTA, a consumer must report an unauthorized electronic fund transfer that appears on a statement within 60 days of the financial institution's transmission of the statement. However, if the consumer's delay in notifying the financial institution was due to extenuating circumstances, the institution shall extend the 60 day period to a reasonable period. Due to the Plaintiffs' health condition, being elderly, and the stress on both of them from the stroke and cognitive impairment, extenuating circumstances existed. The bank should have extended the 60-day period, but they cold heartedly and arbitrarily refused.

26. In any event, even if a consumer does not report the unauthorized electronic funds transfers in a timely manner, the consumer is still *not responsible for* the unauthorized electronic funds transfers. Instead, the consequence for not timely reporting in 60 days is that the consumer is liable for charges taking place *after* 60 days, that could have been prevented by a notice of unauthorized charges. Reg E, § 205.6(b)(3).

27. Defendant violated the EFTA by holding Plaintiff liable for all unauthorized transactions in direct violation of Reg E, § 205.6(b)(3).

28. The Defendant has the burden to prove that the transactions were authorized. 15 U.S.C. §

1693g(b).

29. The Defendant also has the burden to show that the unauthorized transfers that happened after the 60 day period would not have occurred but for the consumer's failure to report the unauthorized transfer within the 60 days. *Official Staff Interpretations of Reg E, 12 C.F.R. Pt. 205, Supp I,* § 205.6(b)(3)-2.

30. The Defendant violated the EFTA, 15 U.S.C. 1693f, by failing to deliver an explanation of its findings.

31. The Defendant violated the EFTA, 15 U.S.C. 1693f, by failing to promptly deliver to the Plaintiffs copies of all documents that Defendant relied on to conclude that such error did not occur.

32. The Defendant violated the EFTA, 15 U.S.C. 1693f, by failing to conduct a reasonable investigation into Plaintiffs' notice of error. Instead, Defendant capriciously and arbitrarily concluded that the bank is completely off the hook if the unauthorized transactions are reported after the 60-day period, when that position directly contradicts the law cited above.

33. Generally, the EFTA, does not apply to checks. 12 C.F.R. 205.3(c). However, if Electronic Check Conversion (ECC) takes place, then the EFTA does apply. See e.g. 71 Fed. Reg. 1638. This process involves situations where, instead of negotiating the check, the merchant uses the check as a source document to initiate an electronic fund transfer.

34. Plaintiffs pled on information and belief that the fraudulent and unauthorized checks went through the ECC process, instead of negotiation; and therefore, they are considered unauthorized electronic transfers, subject to the EFTA.

35. Defendant's violations of the EFTA have caused Plaintiffs actual damages in an amount to be determined at trial, including emotional distress, inconvenience, and loss of the use of funds.

36. Treble damages under 15 U.S.C. 1693f are appropriate on two grounds. First, Defendant did not provisionally credit the Plaintiffs' account, and did not make a good faith investigation of the alleged error. Second, Defendant knowingly and willfully concluded that the Plaintiffs' account was not in error, when such conclusion could not reasonably have been drawn from the evidence available to the financial institution. Defendant also took the position that its contract waived Plaintiffs' rights under the EFTA, when such waiver is void as a matter of law. 15 U.S.C. 1693l.

## COUNT II, COLORADO UNIFORM COMMERCIAL CODE (UCC)

37. Plaintiffs re-allege and incorporate the above allegations as if fully set forth herein.

38. Defendant violated C.R.S. 4-4-401(a) by charging Plaintiffs' checking account for the counterfeit checks because the forged checks were never properly payable or authorized by the Plaintiffs.

39. In fact, the Plaintiffs' names do not even appear anywhere on the checks and contain the names of persons who are not even on the account, in addition to a forged drawer signature of a name other than Plaintiffs'.

40. Under the UCC, when the drawer signature is forged, then the Defendant is liable. The Defendant could shift some or all its liability to the payor banks if the endorsement on the back of the checks was forged; but rather than go through the hassle of that process, Defendant held the Plaintiffs liable, in violation of the law.

41. The Defendant failed to exercise reasonable care in handling the forged / counterfeit checks, and acted in bad faith by charging Plaintiffs' checking account for the forged checks, which included not even considering Plaintiffs' signature cards or the names on the checks, refusing to consider the information obtained by law enforcement about the fraud, and refusing to

consider all of the obvious signs of fraud, i.e. red flags. Pursuant to C.R.S. 4-4-103(e), the Defendant is liable to the Plaintiffs for the amount of the forged checks, plus emotional distress, inconvenience, and loss of the use of the funds.

WHEREFORE, Plaintiffs pray for the following relief:
a. Actual damages to be determined at trial;
b. Treble damages to be determined at trial;
c. Attorney fees and costs;
d. For such other relief as may be proper.

Dated this 14th day of July 2023.

s/Matthew R. Osborne

Attorney for Plaintiffs

| | |
|---|---|
| District Court, __Chaffee__ County, Colorado<br>Court Address:<br>142 Crestone Avenue, Salida, CO 81201 | DATE FILED: July 14, 2023 2:53 PM<br>FILING ID: 381D6D25B34F0<br>CASE NUMBER: 2023CV30037 |
| Plaintiff   Sandra Wingard and Kenneth Wingard<br><br>v.<br><br>Defendant   Triumph Bancorp, a/k/a TBK Bank | ▲   **COURT USE ONLY**   ▲<br><br>Case Number:<br><br>Division:       Courtroom: |

## DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** Triumph Bancorp, a/k/a TBK Bank _____

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: July 14, 2023 _____

s/Matthew R. Osborne
Attorney for Plaintiff

10190 Bannock Street, Suite 200

Northglenn, CO 80260
Address of Attorney for Plaintiff

303-733-6353
Attorney's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

TO THE CLERK: If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS
©2013 Colorado Judicial Department for use in the Courts of Colorado

☐ **FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

DATE FILED: July 14, 2023 2:53 PM
FILING ID: 381D6D25B34F0
CASE NUMBER: 2023CV30037

| | |
|---|---|
| District Court, Chaffee County, Colorado<br>142 Crestone Avenue<br>Salida, CO 81201<br><br>Plaintiff(s): Sandra Wingard and Kenneth Wingard<br><br>v.<br><br>Defendant(s): Triumph Bancorp, a/k/a TBK Bank | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>RAMOS LAW<br>Matthew R. Osborne #40835<br>Thomas Crowley #51710<br>10190 Bannock St Suite 200<br>Northglenn, CO 80260<br>Phone Number: (303) 733-6353<br>E-mail: mosborne@ramoslaw.com<br>         tcrowley@ramoslaw.com | Case Number: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,
COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT
AND JURY DEMAND**

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross- claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   ☐   This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   ☒   This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

      By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

    **Or**

    ❑    Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.    ☒    This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: July 14, 2023                                  <u>s/Matthew R. Osborne</u>

                                                             Signature of Attorney

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.